UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO C. RAMOS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>VICTORIA J. HICKS and ALIREZA NIA,<br><br>　　　　　Defendants. | No. 2:18-cv-00930 TLN AC (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff previously filed a request for leave to proceed in forma pauperis ("IFP"), and submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The court granted plaintiff IFP status, but dismissed his initial complaint with leave to amend for failure to state a claim upon which relief could be granted. ECF No. 3. Plaintiff timely filed a First Amended Complaint ("FAC"). ECF No. 4. Upon thorough review, the undersigned finds that plaintiff's FAC does not state a claim and that further amendment would be futile.

I. SCREENING

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

1

Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

Under these Rules, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at

678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

A. The Complaint

The fact asserted in plaintiff's FAC are nearly identical to those asserted in his original complaint. Compare, ECF Nos. 1 and 4. Plaintiff brings suit against two individuals who are apparently employees of the United States Patent and Trademark Office ("USPTO"). ECF No. 4 at ¶ 1. Plaintiff asserts that the defendants "ignored the plaintiff's granted Petition To Make Special for Advancement of Examination of the latter's patent application thereby unnecessarily delayed its processing for over 2 ½ years causing him much concern and emotional distress." Id. Plaintiff alleges that after two and a half years of efforts to correct the allegedly non-compliant amendments to plaintiff's patent application, the defendants "totally disregarded, nullified, superseded, and 'trashed out' all the amendments" that plaintiff worked on. Id. at ¶ 2. Plaintiff assets that he felt anger because defendants wasted his time. Id. at ¶ 4. Plaintiff assets that on July 13, 2016, defendants issued a Revised Office Action that superseded a previous Office Action issued on May 23, 2016, which reiterated their comments and further prolonged plaintiff's suffering. Id. at ¶ 5. Plaintiff believes defendants violated the Federal Torts Claims Act and caused him pain and suffering. Id. at ¶ 6.

B. Analysis

Plaintiff's FAC requires dismissal on screening for the same reasons that his original, nearly identical complaint was dismissed. Even after amendment, and after the court isntructed plaintiff as to the requirements for stating a claim, the FAC does not plainly set forth the basis for plaintiff's entitlement to legal relief as required by Fed. R. Civ. P. 8(a)(2)-(3). The complaint does not specify the roles of the named defendants in the patent denial, or identify any acts of either defendant which suggest an identifiable theory of civil liability. In sum, the court cannot tell from examining the complaint what legal wrong was done to plaintiff, by whom and when.

The court previously informed plaintiff that judicial review of the denial of a patent

application is limited to the Court of Appeals for the Federal Circuit, pursuant to 35 U.S.C. § 141, following appeal to the Patent Trial and Appeal Board under § 134(a). The court also previously notified plaintiff that a civil action to obtain a patent may be filed in the U.S. District Court for the Eastern District of Virginia, following administrative appeal, pursuant to § 145. Although the issue of missed deadlines is less clearly pled in plaintiff's FAC, it is worth noting that the court already instructed plaintiff that to the extent he believes the actions of defendants Hicks and Nia caused him to miss deadlines related to the administrative appeal process, such allegations fail to state a claim on which relief could be granted. In other words, even if the defendants mishandled plaintff's patent application, the court cannot discern any legal basis for a damages lawsuit against them.

In his FAC, plaintiff alleges a violation of the Federal Tort Claims Act, but there is no such claim. The FTCA provides a waiver of sovereign immunity for the United States where a federal employee violates certain state tort laws; it does not provide an independent cause of action. Delta Sav. Bank v. United States, 265 F.3d 1017, 1024 (9th Cir. 2001). The FAC does not allege or imply any tort theory of liability that might implicate the provisions of the FTCA. Because plaintiff has failed to identify a proper cause of action and has, for the second time, presented no facts that support legal claim, his case must be dismissed.

Although leave to amend is typically granted to pro se litigants, it is not appropriate where it is clear that amendment would be futile. Noll , 809 F.2d at 1448 (9th Cir. 1987). Such is the case here. Plaintiff was given leave to amend once with clear instructions regarding how to bring a complaint that would be able to withstand screening. Plaintiff's FAC contains deficiencies nearly identical to those in his original complaint. Plaintiff's addition of a "cause of action" in his FAC that is not a true cause of action lends further weight to the conclusion that a second opportunity to amend would be futile. Based on the content of plaintiff's FAC, the undersigned finds that his case must be dismissed without leave to amend.

////

///

///

4

## IV. CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's FAC (ECF No. 4) be dismissed without leave to amend and that this case be terminated.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: May 18, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE